IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNY JUNIOR CRAWFORD                                                                          PLAINTIFF

v.                                          Civil No. 4:19-cv-04021

SHERIFF JAMES SINGLETON, Hempstead County,
Arkansas; LIEUTENANT HEATH ROSS; and
DEPUTY JERRY CRIDER                                                                         DEFENDANTS

## ORDER

Before the Court is Defendant Deputy Jerry Crider's Motion to Dismiss. (ECF No. 18). Plaintiff has not filed a response and the time to do so has passed. The Court finds this matter ripe for consideration.

### I.  BACKGROUND

Plaintiff is currently an inmate in the Arkansas Department of Correction ("ADC"), Ouachita River Unit, in Malvern, Arkansas. Plaintiff filed his complaint on February 20, 2019, pursuant to 42 U.S.C. § 1983, naming Deputy Jerry Crider,[1] Heath Ross, and Sheriff James Singleton as Defendants. (ECF No. 1). Plaintiff alleges Defendants Ross and Singleton denied him medical care while he was incarcerated in the Hempstead County Jail "from 2-16-2016 to the time I was sent to prison, which was almost a year." *Id.* at p. 9. Plaintiff alleges that on February 16, 2016, Deputy Crider arrested Plaintiff and violated his constitutional rights when he "slammed" Plaintiff into the side of the car and "slammed" the cuffs on Plaintiff "way too [h]ard." *Id.* at p. 5.

Service was executed on Deputy Crider on March 29, 2019. On April 8, 2019, Deputy Crider filed the instant Motion to Dismiss arguing that Plaintiff's claim for excessive force against

---

[1] Plaintiff originally named as a defendant John Doe Deputy, who was later identified as Deputy Jerry Crider.

him should be denied as being time-barred by the three-year statute of limitations. (ECF No. 18).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Deputy Crider argues that Plaintiff's excessive force claim against him is time-barred because his Complaint was filed more than three (3) years after the incident occurred.[2]

The Supreme Court has adopted the "prisoner mailbox rule" for determining the date on which a *pro se* prisoner's notice of appeal is filed. *Houston v. Lack*, 487 U.S. 266 (1988). The Eighth Circuit has extended the application of the prisoner mailbox rule to include all civil complaints filed by prisoners. *Sulik v. Taney County, Mo.*, 316 F.3d 813, 815 (8th Cir. 2003). According to this rule, a prisoner's complaint is considered filed as soon as the prisoner delivers the complaint to prison authorities for mailing to the court clerk. *Id.* at 276. In other words, the

---

[2] Claims under 42 U.S.C. § 1983 are governed by the statute of limitations for personal injury actions in the state in which the claim arises. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). In Arkansas, the statute of limitations for personal injury actions is three years. Ark. Code Ann. § 16-56-105(3); s*ee Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

date of filing for any *pro se* prisoner's complaint is the date the complaint was deposited with prison authorities.

Here, although it is not clear when Plaintiff handed his complaint over to prison officials at the ADC, the envelope containing the complaint is postmarked February 12, 2019, which is four days before the applicable statute of limitations deadline. Based on the prisoner mailbox rule, Plaintiff's complaint is considered to have been filed on February 12, 2019, at the very latest. Accordingly, Plaintiff's claim for excessive force based on the February 16, 2016 incident against Deputy Crider is not time-barred by the statute of limitations.

### IV. CONCLUSION

For the reasons stated above, Deputy Crider's Motion to Dismiss (ECF No. 18) is **DENIED.**

**IT IS SO ORDERED,** this 10th day of June, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge