IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNY JUNIOR CRAWFORD                                                        PLAINTIFF

v.                                        Civil No. 4:19-cv-04021

SHERIFF JAMES SINGLETON, Hempstead County,
Arkansas; LIEUTENANT HEATH ROSS; and
DEPUTY JERRY CRIDER                                           DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion to Vacate and Reset Scheduling Order. (ECF No. 35). Defendants have a filed a Response in opposition to the motion. (ECF No. 36).

## BACKGROUND

Plaintiff filed this action *pro se* on February 20, 2019. (ECF No. 1). Defendants Ross and Singleton filed their Answer on March 26, 2019. (ECF No. 12). Defendant Crider filed his Answer on April 8, 2019. (ECF No. 20). On June 21, 2019, the Court entered an Initial Scheduling Order setting the deadline to amend pleadings or join parties for September 18, 2019, the deadline to conduct discovery for October 18, 2019, and the deadline to file summary judgment motions for November 18, 2019. (ECF No. 24).

On July 29, 2019, Defendants filed their Notice of Disclosures to Plaintiff in accordance with the Court's scheduling order. (ECF No. 27). On November 15, 2019, Defendants timely filed their Motion for Summary Judgment, Memorandum Brief in Support, and Statement of Facts. (ECF Nos. 28-30). That same day, the Court ordered Plaintiff to file a response to the summary judgment motion by December 6, 2019. (ECF No. 31). Plaintiff did not respond and on December 9, 2019, the Court ordered Plaintiff to show cause as to why he failed to file a response by December 19, 2019. (ECF No. 32).

1

On December 10, 2019, Plaintiff filed a Motion for Extension of Time to respond to Defendants' summary judgment motion. (ECF No. 33). The following day, this Court granted Plaintiff's motion and extended the deadline for him to file a response to the summary judgment motion until January 27 2020. (ECF No. 34). Plaintiff did not respond as directed by the Court and on January 3, 2020, Plaintiff filed the instant Motion to Vacate and Rest Scheduling Order. (ECF No. 35).

In his motion Plaintiff states he was hospitalized between July 27, 2019 and September 20, 2019 in the Arkansas Department of Correction's ("ADC") Ouachita River Unit's hospital ward. (ECF No. 35, p. 2). Plaintiff claims the ADC "confiscated" his legal documents while he was hospitalized and was unable to receive legal assistance from another inmate during this time. *Id.* Plaintiff also claims the confiscation of his legal papers "caused the Plaintiff to miss important deadlines, denied him the opportunity to conduct discovery…." *Id.* at p. 3. Plaintiff goes on to state "because this Court denied Plaintiffs Motion for Appointment of Counsel, Plaintiff has been prejudiced by the …actions of the Arkansas Department of Correction…." *Id.* As a result, Plaintiff asks this Court to now "enter a new Scheduling order….to allow each party to engage in discovery…". *Id.*

Defendants filed a Response objecting to Plaintiff's request to vacate the Court's scheduling order and allow additional discovery because the discovery deadline was concluded on October 18, 2019, and their Motion for Summary Judgment was timely filed and has been pending since November 15, 2019. (ECF No. 36). Defendants argue that allowing an extension of discovery after their summary judgment has been pending for over two months would unduly prejudice them. *Id.* Defendants also state they have no objection to giving Plaintiff a reasonable extension of time to file his response to the summary judgment motion.

**DISCUSSION**

The Court previously granted Plaintiff almost a two-month extension of time to respond to Defendants' summary judgment motion. (ECF No. 34). In accordance with the Court's Scheduling Order, the deadline to amend the pleadings or join parties was September 18, 2019, the deadline to conduct discovery was October 18, 2019, and the deadline to file summary judgment motions was November 18, 2019. (ECF No. 24). Plaintiff did not respond or submit any motions for extensions of any deadlines with the Court until he filed the instant Motion to Vacate and Reset Scheduling Order on January 3, 2020 - almost two months after Defendants filed their summary judgment motion. To allow additional discovery after Defendants' summary judgment has been pending for two months would unduly prejudice Defendants.

**CONCLUSION**

Accordingly, Plaintiff's Motion to Vacate and Reset Scheduling Order (ECF No. 35) is **DENIED.**

**Plaintiff is ordered to file a response to Defendants' Motion for Summary Judgment (ECF No. 28) on or before February 22, 2020. Plaintiff is advised failure to timely comply with this Order will result in: (a) all of the facts set forth by Defendants in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and/or (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). Plaintiff is further advised that no more extensions of time will be granted.**

**IT IS SO ORDERED this 22nd day of January 2020.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE